UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICOLE RENEE CROSBY,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. HURST and INTERMOUNTAIN HOSPITAL ADMINISTRATOR & DIRECTOR,<br><br>    Defendants. | Case No. 1:24-cv-00459-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## BACKGROUND

On October 2, 2024, Plaintiff Nicole Renee Crosby filed a civil rights action that appears to be contesting her involuntary commitment at the Intermountain Hospital. Dkt. 1. She alleges:

> Federal Rules you can only hold me for 10 day, the doc never seen me once in the last 48 hours and had 24 hours to see me. You have to release me. I demand it. 9/28/24.

Dkt. 1 at 1 (verbatim).

Plaintiff provides this background information: "I am indicted by grand jury, CIA, federal government, A/F, & Guardianship is in appeal." *Id*. A review of the state court register of actions shows that Plaintiff has a current criminal misdemeanor case in the Gooding County Magistrate Court, Case No. CR24-24-00971, *State of Idaho v. Crosby*. A jury trial set for October 24, 2024, was recently vacated in that matter, and a status

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

conference is set for November 4, 2024.¹ In addition, a person named Loyal D. Crosby has pending in the same court a "Joint Petition for Guardianship/Conservatorship" over Plaintiff, in Case No. CV24-24-00508, *In the Matter of the Guardianship and Conservatorship of: Nicole Crosby*.² An emergency guardian/conservator was appointed on August 8, 2024. Plaintiff filed a notice of appeal and complaints in that action against "Benoit Law, Intermountain Hospital, and Dr. Hurst" on October 3, 2024. *See id.*

## REVIEW OF COMPLAINT

### 1. Standard of Law - Screening

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court liberally construes the pleadings to determine whether a case should be dismissed.

Under 28 U.S.C. §§ 1915, the Court may dismiss some or all of the claims in an in forma pauperis complaint³ for any of the following reasons:

- "[I]nsufficient facts under a cognizable legal" theory, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), meaning that the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable

---

¹ *See* https://portal-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0.

² *See* https://portal-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0.

³ Plaintiff has not paid the fee or applied for in forma pauperis status. The Court assumes she will be applying for in forma pauperis status because she did not submit the full fee with her filing.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

- "[L]ack of a cognizable legal theory," *Robertson*, 749 F.2d at 534, including that the complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), or the Court applies a procedural bar sua sponte (on its own), *see, e.g.*, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (affirming dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994));

- [F]rivolousness or maliciousness, 28 U.S.C. § 1915(e)(2)(B); or

- [S]eeking monetary relief from a defendant who is immune from such relief. *Id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### 2. Discussion of Wrongful Civil Commitment Cause of Action

Unwarranted civil commitments caused by state actors implicate an individual's liberty interest. *Goetz v. Crosson*, 967 F.2d 29, 33 (2d Cir. 1992). Here, Plaintiff must provide facts showing that Defendants are state actors, not simply private actors. Involuntary commitment can constitute a violation of rights under the Fourth and Fourteenth Amendments. However, § 1983 supports a claim only when the alleged injury is caused by "state action" and not by a merely private actor. *Jensen v. Lane* Cnty., 222 F.3d 570, 574 (9th Cir. 2000). When purely private actors obtain the help of a private physician to bring about the involuntary admission and detention of an allegedly mentally

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

ill person for psychiatric examination, courts have held that there is no state action. *Id*. (citations omitted). However, if private health care personnel *aid the state or county* in detaining individuals believed to be a danger to themselves or others, that joint action may show a sufficiently close nexus between the state and the private actor to warrant the court treating the private action as state action. *Id*. at 575.

The United States Supreme Court has held that, to support a *long-term* involuntary commitment, the state must prove both mental illness and dangerousness by more than a preponderance of the evidence, but not beyond a reasonable doubt. *Addington v. Texas,* 441 U.S. 418, 432–33 (1979). For a short-term nonemergency hold, the state must prove mental illness and imminent dangerousness beyond a mere preponderance of the evidence. *Suzuki v. Yuen,* 617 F.2d 173, 178 (9th Cir.1980).

A person held involuntarily on mental health or safety grounds may have a cause of action against those authorizing such a hold. In the context of a *short-term emergency* hold, by definition there is no prior adjudication of a detainee's condition, because the very purpose of the hold is to *evaluate whether* the person is mentally ill and dangerous and thus should be subjected to such an adjudication. *Jensen*, 312 F.3d at 1147–48. The question then becomes what degree of certainty a doctor must possess that an individual is both mentally ill and dangerous before the doctor may order or continue an involuntary, short-term emergency commitment. *See id*.

The Second Circuit faced that question in *Rodriguez v. City of New York*, 72 F.3d 1051 (2d Cir. 1995). The *Rodriguez* court held that due process does not require certainty on the part of the doctor. *Id*. at 1062. In such instance, "due process ... does demand that

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

the decision to order an involuntary emergency commitment be made in accordance with a standard that promises some reasonable degree of accuracy." *Id.*

Plaintiff will be permitted to file an amended complaint to show why Defendants should be considered state actors, and/or to name state actors, if any. She should also provide more factual circumstances surrounding her placement and retention in the hospital, as well as update the Court on her current circumstances. For example, she should state what each Defendant did and why that leads to liability for a civil rights violation.

### 3. Discussion of Abstention Issue

Federal courts apply the doctrine of abstention when they decide to refrain from hearing claims already pending in state court based on "regard for the rightful independence of the state governments and for the smooth working of the federal judiciary." R.*R. Comm'n of Tex. v. Pullman Co*., 312 U.S. 496, 501 (1941) (citations and punctuation omitted).

The *Younger* abstention doctrine forbids federal courts from interfering with pending state proceedings, absent extraordinary circumstances that create a threat of irreparable injury. *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971). This doctrine, although developed in the context of non-interference with state criminal proceedings, has been extended to apply to certain civil proceedings involving important state interests. *Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 11 (1987); *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). In general, *Younger* abstention is appropriate when state proceedings of a judicial nature: (1) are ongoing; (2) implicate

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

important state interests; and (3) provide an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm'n*, 457 U.S. at 432; *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir.2004) (en banc).

Federal district courts have abstained from exercising subject matter jurisdiction when state court conservatorship proceedings are ongoing, as civil commitment proceedings implicate important state interests. *Maier v. Orosco*, No. EDCV 12-1122 GAF AJW, 2012 WL 5425831, at *2 (C.D. Cal. Aug. 30, 2012), *report and recommendation adopted*, No. ED CV 12-1122 GAF, 2012 WL 5305462 (C.D. Cal. Oct. 25, 2012) (citing *Pagtakhan v. Foulk*, 2011 WL 4551461, at *2–*5 (N.D.Cal. Oct.3, 2011); *Sutton v. Teets*, 2006 WL 1465232, at *2–*3 (N.D.Cal. May 24, 2006)).

Due process claims may be raised in state civil commitment proceedings. *See Johannes v. Hunter*, 71 Fed.Appx. 704 at *1 (9th Cir. 2003). State courts have concurrent jurisdiction over, and are equipped to adjudicate, federal constitutional issues, including § 1983 claims. *See, e.g., Felder v.* Casey, 487 U.S. 131, 139 (1988).

Plaintiff's state court guardianship/conservatorship action was begun before this action; it appears to address the same subject matter, and it implicates an important state interest. Plaintiff seems to have filed the same or similar "complaints" in that action and here. Plaintiff's amended complaint in this action should address why applying the *Younger* abstention would not be appropriate. if Or, if Plaintiff knows of "some other extraordinary circumstance that would make abstention inappropriate," that should be described in detail in the amended complaint. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (internal punctuation and citation omitted).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

## CONCLUSION

A preliminary review of Plaintiff's filings shows that she cannot proceed on her current pleadings. The Court will permit Plaintiff to file an amended complaint to remedy the deficiencies and address the issues set forth above.

## ORDER

**IT IS ORDERED:**

1. Within **21 days** after entry of this Order, Plaintiff must file an amended complaint to remedy the deficiencies and address the issues set forth above. Failure to do so will result in dismissal of this case without prejudice without further notice.

2. Also within **21 days** after entry of this Order, Plaintiff must either show she is indigent by filing a Motion to Proceed in Forma Pauperis, or pay the $405 filing fee to the Clerk of Court. Failure to take financial responsibility for one's case will result in dismissal of this case without prejudice without further notice.

DATED: October 9, 2024

_____
B. Lynn Winmill
U.S. District Court Judge